UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD LEE CAIN, )
 )
    Plaintiff, )
 )
v. ) Case No. CIV-16-774-CG
 )
NANCY A. BERRYHILL, )
Acting Commissioner of the )
Social Security Administration, )
 )
    Defendant. )

# ORDER

This matter is before the Court on Plaintiff's counsel Kyle J. Saunders' motion for an award of attorney's fees in the amount of $8,900.00 under 42 U.S.C. § 406(b). Saunders' Mot. (Doc. No. 29) at 1-16.[1] Defendant did not respond to the motion within the time allowed. *See* Order of Feb. 9, 2018, at 2.

On January 27, 2017, the Court entered a Judgment reversing the Acting Commissioner's final decision denying Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") and remanding the case for further administrative proceedings under the fourth sentence of 42 U.S.C. § 405(g). *See* J. (Doc. No. 23) at 1. On December 19, 2017, an Administrative Law Judge ("ALJ") issued a "fully favorable" decision finding Plaintiff disabled as of January 31, 2011. *See*

---

[1] The Court previously authorized Mr. Saunders to file a § 406(b) motion after receiving the Acting Commissioner's notice calculating Plaintiff's award of past-due benefits. Order of Feb. 9, 2018 (Doc. No. 30) at 1-2; *see McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).

Saunders' Mot. at 2. The Acting Commissioner awarded Plaintiff $59,616.00 in past-due benefits. *See* Saunders' Mot. Ex. 2 (Doc. No. 29-2) at 4.

Subsection 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). This subsection "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court" so long as the agreed-upon amount stays within the statute's "25 percent boundary." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered" in the particular case. *Id.*

Plaintiff and Mr. Saunders agreed that Mr. Saunders may collect attorney's fees "for representation before the court" in an amount equal to 25 percent "of the past-due benefits resulting from" Plaintiff's claim. *See* Saunders' Mot. Ex. 1 (Doc. No. 29-1) at 1. Mr. Saunders has submitted a statement showing that he spent 27.20 hours litigating Plaintiff's case in federal court, which results in an effective hourly rate of $327.21. Saunders' Mot. at 12; Saunders' Mot. Ex. 3 (Doc. No. 29-3) at 1-2; *see Gisbrecht*, 535 U.S. at 793, 808 (rejecting the "lodestar" method of calculating fee awards under § 406(b), but noting that the district court may consider this information in contingency-fee cases to help them assess "the reasonableness of the fee yielded by the fee agreement"). This straight-forward

2

case was resolved fairly quickly on Defendant's unopposed motion for sentence-four remand. Def.'s Mot. Remand (Doc. No. 20) at 1-3; Order of Jan. 27, 2017 (Doc. No. 22) at 1. Still, Mr. Saunders had to spend time reviewing the administrative record, and his opening brief presented a well-supported argument that the ALJ erred in denying Plaintiff's DIB and SSI claims. *See generally* Pl.'s Br. (Doc. No. 15) at 1-16. Mr. Saunders also correctly notes that his requested fee award is only fifteen percent of the $59,616.00 that Plaintiff was awarded in past-due benefits—considerably less than the agreed-upon contingency fee. Saunders Mot. at 9. Having carefully reviewed Mr. Saunders' motion and supporting documentation, the Court finds that $8,900.00 is a reasonable fee award for the amount of work performed in this case. *Cf. Cornell v. Berryhill*, No. CIV-14-916-C, 2017 WL 1051136, at *1 (W.D. Okla. Mar. 20, 2017) (awarding $9,820.50 in attorney's fees for 29.65 hours of work in federal court).

Accordingly, Mr. Saunders' motion (Doc. No. 29) is GRANTED, and he is awarded attorney's fees in the amount of $8,900.00. 42 U.S.C. § 406(b). The Acting Commissioner shall pay this amount directly to Plaintiff's attorney, Kyle J. Saunders, of The Saunders Law Group, P.C., P.O. Box 1605, Ada, Oklahoma 74820. Mr. Saunders shall promptly refund to Plaintiff the $5,222.40 in attorney's fees that the Court previously awarded under 28 U.S.C. § 2412. Order of Mar. 27, 2017 at 1-2; *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986); *Gisbrecht*, 535 U.S. at 796.

IT IS SO ORDERED this 9th day of March, 2018.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE